IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERRELLE PRYOR, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION aka NCAA, et al.,<br><br>     Defendants. | Case No. 2:24-cv-04019<br><br>Chief Judge Sarah D. Morrison<br><br>Magistrate Judge Elizabeth Preston Deavers<br><br>**DEFENDANT THE OHIO STATE UNIVERSITY'S MOTION TO DISMISS PLAINTIFF TERRELLE PRYOR'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant The Ohio State University ("Ohio State") moves to dismiss the Complaint (ECF No. 1) for lack of subject-matter jurisdiction. Ohio State is immune from suit in this Court under the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity. This sovereign immunity issue must be resolved before this litigation may proceed further. *Kerchen v. Univ. of Mich.*, 100 F. 4th 751, 761 (6th Cir. 2024).[1]  A memorandum in support is attached.

              Respectfully submitted,

              /s/ Jennifer S. Roach
              Robert F. Ware (0055515)
              Jennifer S. Roach (0074143), Trial Attorney
              Mark R. Butscha, Jr. (0088854)

---

[1] Defendants National Collegiate Athletic Association, The Big 10 Conference, and Learfield Communications LLC are filing Motions to Dismiss.  Ohio State joins in these Motions in the alternative should its Motion to Dismiss pursuant to Fed. R. 12(b)(1) be denied.  By joining these Motions in the alternative, Ohio State is not conceding that this Court has subject matter jurisdiction, does not waive its defense of lack of subject matter jurisdiction and is not invoking the jurisdiction of this Court.

**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Email: Jennifer.Roach@ThompsonHine.com
Email: Rob.Ware@ThompsonHine.com
Email: Mark.Butscha@ThompsonHine.com
Telephone: (216) 566-5500
Facsimile: (216) 566-5800

Anthony C. White (0062146)
Stephanie M. Chmiel (0087555)
**THOMPSON HINE LLP**
41 South High Street, Suite 1700
Columbus, Ohio 43215-6101
Email: Tony.White@ThompsonHine.com
Email: Stephanie.Chmiel@ThompsonHine.com
Telephone: (614) 469-3235
Facsimile:  (614) 469-3361

Special Counsel to Attorney General
David Yost

*Attorneys for Defendant*
*The Ohio State University*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TERRELLE PRYOR, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION aka NCAA, et al.,<br><br>                Defendants. | Case No. 2:24-cv-04019<br><br>Chief Judge Sarah D. Morrison<br><br>Magistrate Judge Elizabeth Preston Deavers<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT THE OHIO STATE UNIVERSITY'S MOTION TO DISMISS PLAINTIFF TERRELLE PRYOR'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendant The Ohio State University ("Ohio State") submits this Memorandum in Support of its Motion to Dismiss the Complaint of Plaintiff Terrelle Pryor.

## I. INTRODUCTION

Sovereign immunity bars the Plaintiff's claims against Ohio State, and the Complaint must be dismissed. The Eleventh Amendment bars suit in federal court against a state and its instrumentalities by citizens of another state. Ohio State is a public university and instrumentality of the State of Ohio, and Plaintiff is a citizen and resident of Pennsylvania. Thus, the express terms of the Eleventh Amendment bar Plaintiff's claims against Ohio State. Plaintiff alleges claims under the Sherman Act and for unjust enrichment. Ohio State has not waived its immunity or consented to suit, and Congress has not abrogated that immunity as to Plaintiff's federal claims. Accordingly, the Complaint must be dismissed as to Ohio State.

## II. BACKGROUND

Plaintiff was a quarterback for the Ohio State football team from 2008 to 2010 and is a citizen and resident of Pennsylvania. (Compl. ¶¶ 28-29 [ECF No. 1.]). Ohio State is a public university organized and existing under the laws of the State of Ohio. (*Id.* at ¶ 39.) Plaintiff asserts claims against Ohio State, National Collegiate Athletic Association, Learfield Communications, LLC, and the Big Ten Conference, Inc. (collectively, "Defendants") under the Sherman Act for antitrust violations and the common law for unjust enrichment. (*Id.* at ¶¶ 81-94.) Plaintiff alleges that Defendants violated Section 1 of the Sherman Act and were unjustly enriched by conspiring to fix the price of student athletes' publicity rights and engaging in a group boycott to refuse to pay Plaintiff for use of his name, image, and likeness. (*Id.* at ¶¶ 73-94.) Plaintiff seeks class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and prospective temporary and permanent injunctive relief and damages. (*Id.* at p. 16.)

Plaintiff alleges that this Court has jurisdiction because Ohio State "receives, and at all relevant times received" federal financial assistance. (*Id.* ¶ 40.) Plaintiff further alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1337 and diversity jurisdiction under 28 U.S.C. § 1332(d). (*Id.* ¶¶ 47-48.) However, this Court lacks jurisdiction over Ohio State because the Eleventh Amendment and sovereign immunity bar this suit.

### III.    LAW AND ARGUMENT

Ohio State must be dismissed from this case before it advances any further because Ohio State is an instrumentality of the State of Ohio and, accordingly, is immune from suit based on the Eleventh Amendment and sovereign immunity. "To vindicate states' dignity interests implicated by their sovereign immunity to suit, district courts must issue a ruling on properly raised sovereign immunity defenses . . . before permitting litigation to proceed." *Kerchen v. Univ. of Mich.*, 100 F. 4th 751, 761 (6th Cir. 2024), *citing P.R. Aqueduct & Sewer Auth. v.*

2

*Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993) (noting that "the value to the States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice."). Therefore, this Court must first decide Ohio State's motion before moving forward. *See id.; Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (sovereign immunity, "once raised as a jurisdictional defect, must be decided before the merits"); *see also Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018); *Allen v. United States*, No. 2:24-CV-315, 2024 U.S. Dist. LEXIS 81962, at *6 (S.D. Ohio Jan. 30, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 81175 (S.D. Ohio May 3, 2024) ("Sovereign immunity is jurisdictional in nature and deprives the district courts of subject-matter jurisdiction where applicable.").

### A. Sovereign immunity is a jurisdictional bar to Plaintiff's claims.

Sovereign immunity under the Eleventh Amendment serves as a "true jurisdictional bar" to Plaintiff's Complaint against Ohio State. *Russell*, 784 F.3d at 1046 (6th Cir. 2015). The Eleventh Amendment bars suits against a state and its agencies and instrumentalities in federal court for injunctive, declaratory, or monetary relief. *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1983); *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 366 (6th Cir. 2008).[2]

It is indisputable that Ohio State is a public university and instrumentality of the State. *See Matteson v. Ohio State Univ.*, No. C2–99–1267, 2000 U.S. Dist. LEXIS 20424, at *9 (S.D. Ohio Sept. 26, 2000) ("[I]t is well settled that Ohio State University is an instrumentality of the State of Ohio.") (collecting cases). Under the Ohio Revised Code, the "state" includes any "agencies, institutions, and other instrumentalities of the state," and Ohio State is a public

---

[2] U.S. CONST. AMEND. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.").

institution. R.C. §§ 2743.01, 3345.011. Reflecting this clear statutory scheme, the Sixth Circuit has "consistently held that Ohio public universities, as instrumentalities of the state, should receive the protection of sovereign immunity." *Fischer v. Kent State Univ.*, 459 F. App'x 508, 510 (6th Cir. 2012); *see also Winkle v. Ruggieri*, No. 2:12-cv-01079, 2014 U.S. Dist. LEXIS 69185, at *21-22 (S.D. Ohio March 13, 2014) (collecting cases that hold Ohio public universities are arms of the state and immune from suit in federal court)*; Pesta v. Cleveland State Univ.*, No. 1:23-cv-00546, 2023 U.S. Dist. LEXIS 121944, at *13 (N.D. Ohio July 14, 2023) (same). Indeed, it is well-established that Ohio State specifically—like other Ohio public institutions—is an instrumentality of the state entitled to the protection of sovereign immunity. *Pichiorri v. Burghes*, No. 2:23-cv-1442, 2024 U.S. Dist. LEXIS 173563, at *10 (S.D. Ohio Sept. 25, 2024); *Nathan v. Ohio State Univ.*, 984 F. Supp. 2d 789, 809 (S.D. Ohio 2013); *Alexander v. Ohio State Univ. Coll. of Soc. Work*, No. C2-07-1116, 2008 U.S. Dist. LEXIS 91490, at *9 (S.D. Ohio Nov. 3, 2008); *Spires v. Ohio State Univ.¸* No. C2-99-402, 2001 U.S. Dist. LEXIS 24036, at *18 (S.D. Ohio Apr. 25, 2001); *Bailey v. Ohio St. Univ.*, 487 F. Supp. 601, 606 (S.D. Ohio 1980). This Court recently applied that well-established immunity and granted Ohio State's Rule 12(b)(1) motion to dismiss claims that are virtually identical to the claims asserted by Plaintiff here relating to the use of Ohio State athletes' names, images, and likenesses. *Spielman v. IMG Coll., LLC*, No. 2:17-CV-612, 2018 U.S. Dist. LEXIS 245034, at *8 (S.D. Ohio Sep. 24, 2018) (granting 12(b)(1) motion based on sovereign immunity and dismissing Sherman Act and other federal and state claims against Ohio State). This Court should do the same here.

  **B. Neither exception to Eleventh Amendment sovereign immunity applies here.**

Because the Eleventh Amendment immunizes Ohio State,[3] this lawsuit may only proceed in federal court if: (1) Congress has properly acted to abrogate sovereign immunity or (2) Ohio has waived its immunity and consented to be sued in federal court. *Russell*, 784 F.3d at 1046 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Neither exception applies here. Therefore, the Eleventh Amendment mandates dismissal of Plaintiff's claims against Ohio State.

### 1. Congress did not abrogate state sovereign immunity when it enacted the Sherman Act.

Congress did not abrogate Ohio State's sovereign immunity, and this Court does not have jurisdiction over Ohio State. Congress has limited ability to abrogate the sovereign immunity of the States. To properly abrogate a state's sovereign immunity, Congress must both: (1) unequivocally express its intent to abrogate the state's sovereign immunity in the language of the statute, *Mixon v. Ohio*, 193 F.3d 389, 398 (quoting *Green v. Mansour*, 474 U.S. 64, 78 (1985)); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996); and (2) authorize the lawsuit in the exercise of its power to enforce the Fourteenth Amendment, rather than through exercise of Article I powers such as the power to regulate commerce. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 669-70 (1999); *see also Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 364 (2001); *Seminole Tribe*, 517 U.S. at 72-73.

The Sherman Act does not contain an unequivocal expression of intent to abrogate sovereign immunity under the Eleventh Amendment. In fact, the Sherman Act "makes no

---

[3] Ohio State is also immune from suit under the related but distinct—and broader—doctrine of sovereign immunity, which is neither derived from nor limited by the Eleventh Amendment. *See WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 514 (6th Cir. 2021) (holding that sovereign immunity barred Ohio corporation's claim for damages against Ohio government agency). Ohio State has not consented to this suit. Thus, dismissal is warranted under both sovereign immunity and the Eleventh Amendment.

mention of the state as such, and gives no hint that it was intended to restrain state action or official action directed by a state." *Parker v. Brown*, 317 U.S. 341, 351 (1943); *see also Jackson v. Conn. Dep't of Pub. Health*, No. 3:15-CV-750, 2016 U.S. Dist. LEXIS 80672, at *40 (D. Conn. June 20, 2016) ("With respect to the Sherman Act, the antitrust statutes do not contain a clear intent to subject states to federal jurisdiction and liability."). Moreover, Congress lacks the power to abrogate Eleventh Amendment sovereign immunity under the Sherman Act because the federal antitrust statute was enacted pursuant to the Commerce Clause, *not* the Fourteenth Amendment. *See McNeilus Truck & Mfg., Inc. v. Ohio ex rel. Montgomery*, No. 97-3024, 1998 U.S. App. LEXIS 3736, at *2, *15-16 (6th Cir. Feb. 27, 1998) (affirming dismissal of Sherman Act claims against Ohio on Eleventh Amendment sovereign immunity grounds and noting that "[t]he Sherman Act was enacted pursuant to the Commerce Clause"); *see also Bd. of Trustees of Univ. of Alabama*, 531 U.S. at 364 ("Congress may not, of course, base its abrogation of the States' Eleventh Amendment immunity upon the powers enumerated in Article I."). It is well-established that Sherman Act claims against a state or its instrumentalities are barred by Eleventh Amendment sovereign immunity. *See, e.g.*, *Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 496 (11th Cir. 2017); *Mirch v. Beesely*, 316 F. App'x 643, 643 (9th Cir. 2009); *Aliksanyan v. Verizon*¸ No. 17-CV-394 (MKB), 2018 U.S. Dist. LEXIS 245949, at *14 (E.D.N.Y. Mar. 31, 2018); *Bonner v. Med. Bd. of Cal.*, No. 2:17-cv-00445-KJM-DB, 2018 U.S. Dist. LEXIS 169492, at *14 (E.D. Cal. Sept. 30, 2018); *Kinney v. State Bar of Cal.*, No. 16-cv-02277, 2016 U.S. Dist. LEXIS 115857, at *1-2 (N.D. Cal. Aug. 29, 2016); *Gebman v. State*, No. 07-cv-1226 (GLS-DRH), 2008 U.S. Dist. LEXIS 46125, at *13 (N.D.N.Y. June 12, 2008); *Mathiowetz Constr. Co. v. Minn. Dep't of Transp.*, No. 01-548, 2002 U.S. Dist. LEXIS 3389, at

6

*7-8 (D. Minn. Feb. 27, 2002). Accordingly, this Court does not have jurisdiction to hear Plaintiff's claims against Ohio State.

### 2. The State of Ohio has not waived its Eleventh Amendment immunity.[4]

Plaintiff also cannot show that the State of Ohio waived its sovereign immunity, and Ohio State must be dismissed. Because Congress did not abrogate the state's sovereign immunity, the remaining question is whether the State of Ohio waived its immunity with respect to Plaintiff's state and federal claims. *See Russell*, 784 F.3d at 1046. "The State of Ohio has not waived its Eleventh Amendment immunity." *Stein v. Kent State Univ.*, 994 F. Supp. 898, 902 (N.D. Ohio 1998), *aff'd*, No. 98-3278, 1999 U.S. App. LEXIS 9152 (6th Cir. May 11, 1999). Because the State of Ohio has not waived, the Eleventh Amendment bars any suit against Ohio State in federal court. Plaintiff's claims against Ohio State must be dismissed.

Plaintiff alleges that this Court has jurisdiction because of Ohio State's receipt of federal funding (Compl. ¶ 40), but Ohio State's mere receipt of federal funds does not waive its immunity from suit in this Court. It is true that Congress may condition a state's participation in a federal program on a waiver of Eleventh Amendment immunity. *See, e.g., Lawrence Cnty. v. Lead-Deadwood Sch. Dist.*, 469 U.S. 256, 269-70 (1985) ("Congress may impose conditions on the receipt of federal funds absent some independent constitutional bar."). But the mere receipt of federal funds is insufficient to establish a state's consent to suit in federal court, and courts may not find waiver absent an "unequivocal express[ion]" or "clear declaration" that the state intends to consent to federal jurisdiction. *See Sossamon v. Texas*, 563 U.S. 277, 284 (2011). Indeed, courts have found that a state's mere receipt of federal funds does not waive sovereign immunity

---

[4] The filing of this Motion does not constitute a waiver of immunity. *See Barachkov v. Davis*, 580 F. App'x 288, 299 (6th Cir. 2014) ("[T]he touchstone of waiver doctrine is intent—the state's litigation conduct must clearly indicate the state's intent to waive its immunity.") (citation omitted).

7

where plaintiffs fail to allege specific facts demonstrating an express waiver. *See, e.g., Wilson v. Middle Tenn. State Univ.*, No. 3:19-0798, 2020 U.S. Dist. LEXIS 219255, at *11 (M.D. Tenn. Apr. 23, 2020); *Calloway v. Virginia*, No. 5:16-cv-00081, 2017 U.S. Dist. LEXIS 153018, at *14 (W.D. Va. Sept. 20, 2017); *Selman v. Harvard Medical School*, 494 F. Supp. 603, 616 (S.D.N.Y. 1980). Plaintiff alleges no such specific facts here. Plaintiff merely alleges, without pointing to any express waiver, that Ohio State is subject to this Court's jurisdiction and liable under the "federal statutes" because it "receives, and at all relevant times received, federal financial assistance." (Compl. ¶ 40.) Plaintiff's allegations are insufficient to demonstrate waiver.

Finally, Plaintiff's unjust enrichment claim is also barred by Eleventh Amendment sovereign immunity because Ohio State did not waive its sovereign immunity. The Eleventh Amendment bars suits in federal court against a state and its instrumentalities based on violations of state law regardless of the relief sought and even where the state claim is brought in federal court under supplemental jurisdiction. *See Raygor v. Regents of the Univ. of Minnesota*, 534 U.S. 533, 540-41 (2002); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), *overruled in part on other grounds by Will v. Dep't of State Police*, 491 U.S. 58 (1989).

Thus, this Court lacks jurisdiction over all claims Plaintiff asserts against Ohio State. The Sherman Act does not abrogate sovereign immunity, and the State of Ohio has not waived its immunity from suit in federal court. Accordingly, this Court should dismiss all of Plaintiff's claims pursuant to Rule 12(b)(1).

## IV. CONCLUSION

For the foregoing reasons, Defendant requests that all of Plaintiff's claims against Ohio State be dismissed pursuant to Rule 12(b)(1) because the Eleventh Amendment and sovereign immunity bar these claims.

Respectfully submitted,

/s/ Jennifer S. Roach
Robert F. Ware (0055515)
Jennifer S. Roach (0074143), Trial Attorney
Mark R. Butscha, Jr. (0088854)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Email: Jennifer.Roach@ThompsonHine.com
Email: Rob.Ware@ThompsonHine.com
Email: Mark.Butscha@ThompsonHine.com
Telephone: (216) 566-5500
Facsimile:  (216) 566-5800

Anthony C. White (0062146)
Stephanie M. Chmiel (0087555)
**THOMPSON HINE LLP**
41 South High Street, Suite 1700
Columbus, Ohio 43215-6101
Email: Tony.White@ThompsonHine.com
Email: Stephanie.Chmiel@ThompsonHine.com
Telephone: (614) 469-3235
Facsimile:  (614) 469-3361

Special Counsel to Attorney General
David Yost

*Attorneys for Defendant*
*The Ohio State University*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF System, which shall send notification of such filing to all counsel of record.

Dated: January 3, 2025

/s/ Jennifer S. Roach
Jennifer S. Roach (0074143)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Email: Jennifer.Roach@ThompsonHine.com
(216) 566-5500

*One of the Attorneys for Defendant*
*The Ohio State University*